IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GEBRGE HOEY MORRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:13cv240-MHT |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

George Hoey Morris ("Morris") is before the court on a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. No. 1.[1] He challenges his conviction and 120-month sentence for making a false statement in an application for a passport, in violation of 18 U.S.C. § 1542.

### I.   BACKGROUND

Trial and Sentencing

The Government's evidence showed that, in August 1997, Morris falsely stated on a U.S. passport application that a passport issued to him in July 1996 was destroyed in a fire, therefore necessitating his application for a new passport. The July 1996 passport was later discovered by federal agents in a search of a safety deposit box leased to, and frequently

---

[1] Unless otherwise indicated, document numbers ("Doc. No.") referenced in this Recommendation are those assigned by the Clerk in this civil action. References to exhibits ("Ex.") are to exhibits filed by the Government with its response (Doc. No. 12). Page references are to those assigned by CM/ECF.

accessed by, Morris.  The prosecutor argued that Morris sought to obtain the new passport in August 1997 (by falsely stating on his application that his July 1996 passport had been destroyed) because he wanted a passport under his new name[2] so he could return to Vietnam (where he had previously traveled) under the new name without being recognized by Vietnamese officials.  Prior to Morris's August 1997 passport application, the Vietnamese government had arrested and deported Morris three times and had banned him from reentering the country.[3]  The prosecutor argued that Morris did not want to turn in his previous passport when applying for the new passport – and so he stated on the application that it had been destroyed – because he did not want the previous passport to be scrutinized by U.S. officials in light of Vietnam's deportation of Morris and its evident desire not to allow him back into the country.

Morris's trial counsel presented a defense that Morris's statement on his August 1997 passport application (regarding the destruction of his July 1996 passport) stemmed from Morris's sincere but mistaken belief that his July 1996 passport had in fact been destroyed, and therefore the statement was not willfully and knowingly false.

On October 31, 2006, the jury returned a verdict finding Morris guilty of violating 18 U.S.C. § 1542, as charged in the single-count indictment.  On April 16, 2009, the district

---

[2] In July 1997, Morris legally changed his name to "Johnny Ray Fortune."

[3] See *Morris v. United States*, 2:11cv926-MEF, for a discussion of Morris's illegal activities in Vietnam.  In the instant case, the prosecutor fully complied with the district court's admonition not to present the jury with the specifics of Morris's activities in Vietnam.

court sentenced Morris to 120 months' imprisonment. The court's judgment directed that the term would run concurrently with Morris's term of imprisonment in *United States v. Morris*, Case No. 2:05cr108-LCS. Ex. BB at 2.

## Direct Appeal

Morris appealed to the Eleventh Circuit, where his appellate counsel submitted a brief raising the following claims:

1. Because Morris was mentally incompetent to represent himself, the district court erred in requiring him to proceed *pro se* at sentencing.

2. Morris's mental incompetence prevented him from knowingly and voluntarily waiving his right to counsel at sentencing.

3. Morris's mental incompetence rendered his sentencing fundamentally unfair, in violation of the Fifth Amendment's guarantee of due process.

4. Morris's trial counsel rendered ineffective assistance by failing to raise the issue of Morris's competency prior to trial.

Ex. DD.

Morris filed a *pro se* brief filed with the Eleventh Circuit, in which he asserted the following claims:

1. The district court violated his Fifth Amendment rights to due process and to remain silent and his Sixth Amendment right to counsel by compelling him to represent himself at sentencing.

2. The district court's denial of his motion for change of venue violated Federal Rule of Criminal Procedure 21(a), denied him a fair trial, and undermined the reliability of the jury's verdict.

3

3. The district court violated his procedural and substantive due process rights by failing to act *sua sponte* on information before the court to determine whether he was competent to stand trial, and by failing to consider whether was tried and convicted while incompetent to stand trial.

4. His trial counsel rendered ineffective assistance by failing to argue that a passport used as evidence at trial was not listed on a search warrant seeking child pornography/erotica.

5. The crime of passport fraud did not actually occur; instead, his conviction resulted from a conspiracy involving the Government's lead investigator and the prosecutor, who "railroaded" him by "creating a crime" when one did not in fact exist, trumping up charges against him and engaging in extensive prosecutorial misconduct, which included misrepresenting facts to the grand and petit juries in order to obtain an indictment and conviction.

Ex. EE (pts.1 & 2).

On September 14, 2012, the Eleventh Circuit issued an opinion affirming Morris's conviction and sentence. *United States v. Morris*, 489 F. App'x 407 (11th Cir. 2012); *see* Ex. GG. Specifically, the appellate court found that (1) the record amply supported the district court's determination that Morris was competent to waive counsel and proceed to sentencing with only standby counsel (*see* 489 F. App'x at 413); (2) Morris knowingly and voluntarily waived his right to counsel at sentencing (*id*. at 414); (3) Morris's due process rights were not violated at sentencing (*id*.); and (4) the record was insufficiently developed to consider Morris's ineffective-assistance-of-counsel claims on direct appeal (*id*. at 415). The appellate court also addressed Morris's distinct *pro se* claims, finding that (1) the district court did not abuse its discretion in denying Morris's motion for change of venue (*id*.); (2) the district

4

court committed no error by not *sua sponte* ordering a competency hearing before trial or before verdict (*id*.); (3) Morris's allegations about government and court misconduct were unsupported by record evidence and demonstrated no reversible error (*id*.); and (4) the record was insufficiently developed to address Morris's *pro se* claims of ineffective assistance of counsel (*id*.)

Morris did not seek certiorari review in the United States Supreme Court.

<div align="center">Morris's § 2255 Motion</div>

On April 2, 2013, Morris, proceeding *pro se*, filed a motion under 28 U.S.C. § 2255, asserting the following as grounds for relief:

> Ground 1:  The prosecutor falsely informed the jury that Morris violated federal law and/or regulations, when in reality he did not violate any law or regulation.
>
> Ground 2:  The prosecutor "created a false scenario to cause the jury to believe that Morris had a motive to lie in order to secure a passport when in fact the passport would have been (and was) issued under the guidelines required by law."
>
> Ground 3:  The indictment for passport fraud "was the last incident of a malicious prosecution to occur during a sustained unconstitutional effort against Morris that involved more than two dozen unconstitutional acts, half of which were criminal."
>
> Ground 4:  In denying Morris's motion for change of venue, the district court's test for juror exposure to prejudicial pretrial publicity was insufficient.
>
> Ground 5:  The indictment for passport fraud was a "trumped up" charge that resulted from a "fishing expedition" through material seized under a warrant to search for child pornography.
>
> Ground 6:  The indictment was insufficient.

<div align="center">5</div>

>Ground 7: Prosecutorial misconduct caused Morris to lose the assistance of the attorney he paid to handle his case at sentencing and on appeal.
>
>Ground 8: Morris's trial counsel rendered ineffective assistance by allowing the prosecutor to present an improper argument regarding the federal regulation prohibiting possession of more than one valid passport at any one time.

Doc. No. 1 at 4-9; Doc. No. 2 at 15-67.[4]

In its response to the § 2255 motion, the Government argues that Grounds 1 through 7 – i.e., all of Morris's substantive, non-ineffective assistance of counsel claims – are procedurally barred from collateral review because they either were raised in some form on direct appeal or could have been raised on direct appeal, but were not. Doc. No. 12 at 12-16. The government further argues that Morris's claim of ineffective assistance of counsel – as set forth in Ground 8 of his § 2255 motion – fails to establish deficient performance and prejudice, as required by *Strickland v. Washington*, 466 U.S. 668 (1984). Doc. No. 12 at 16-24. Morris, through retained counsel, filed a reply to the Government's response. Doc. No. 24.

After due consideration of Morris's § 2255 motion, the submissions supporting and opposing the motion, and the court's records, the court concludes that an evidentiary hearing is not required and that, under Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the § 2255 motion should be denied.

---

[4] Doc. No 2 is Morris's memorandum in support of his § 2255 motion. The claims in Morris's motion and supporting submissions overlap in places, are frequently repetitive, and are not always presented in a clear fashion. The court has chosen to set forth Morris's claims, as much as possible, in the manner he has presented them.

## II.  DISCUSSION

### A.  General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

### B.  Substantive Claims Procedurally Barred from Collateral Review

#### *1.  Claims Raised and Resolved on Direct Appeal: Grounds 1 through 5*

The court finds that Grounds 1 through 5 in Morris's § 2255 motion were raised in substantially the same form in Morris's direct appeal, where they were decided adversely to Morris by the appellate court.

<u>Grounds 1 through 3 and 5</u>

On direct appeal, the Eleventh Circuit rejected the merits of all *pro se* claims by

7

Morris regarding alleged prosecutorial misconduct, stating that Morris's "arguments about government and court misconduct are unsupported by record evidence and demonstrate no reversible error." 489 F. App'x at 415. Consequently, this court finds that the following substantive claims in Morris's § 2255 motion based on his unsupported allegations of prosecutorial misconduct[5] were decided adversely to him on direct appeal:

- Ground 1 – that the prosecutor falsely informed the jury Morris had violated federal law and/or regulations. *See* Doc. No. 1 at 4-5; Doc. No. 2 at 20-27; Ex. EE pt.2 at 43-48.

- Ground 2 – that the prosecutor "created a false scenario" leading the jury to believe Morris had a motive to lie to secure a passport. *See* Doc. No. 1 at 4-5; Doc. No. 2 at 15-20; Ex. EE pt.2 at 43-48.

- Ground 3 – that the indictment "was the last incident of a malicious prosecution to occur during a sustained unconstitutional effort against Morris." *See* Doc. No. 1 at 6; Doc. No. 2 at 28-34; Ex. EE pt.2 at 43-48.

- Ground 5 – that the indictment was a "trumped up" charge resulting from a "fishing expedition" through material seized under a warrant to search for child pornography. *See* Doc. No. 1 at 7-8; Doc. No. 2 at 45-49; Ex. EE pt.2 at 43-38.

### Ground 4

In Ground 4 of his § 2255 motion, Morris reasserts his *pro se* claim on direct appeal

---

[5] Throughout his *pro se* brief on direct appeal, and throughout his § 2255 motion, Morris makes unsubstantiated claims of prosecutorial misconduct, in which he asserts that his indictment was obtained, and his prosecution pursued, through multiple nefarious acts and intentional misrepresentations by the prosecutor and federal agents. Without providing proof, he alleges that the Government fabricated the charge against him and "tampered with evidence," in an effort to save face after an earlier investigation of him for child pornography failed to produce incriminating evidence. Morris's allegations in this regard constitute rank speculation.

that the district court erred when denying his motion for a change of venue because it used the wrong test for prejudicial pretrial publicity.  *See* Doc. No. 1 at 7; Doc. No. 2 at 34-44; Ex. EE pt.1 at 38-44 & pt.2 at 1-15.  The Eleventh Circuit denied Morris relief on this claim, finding that the district court did not abuse its discretion when denying his motion for change of venue.  *See* 489 F. App'x at 415.

"The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal."  *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *see also United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981).  If a claim has previously been raised on direct appeal and decided adversely to a defendant, it cannot be relitigated in a collateral attack under § 2255.  *See Nyhuis*, 211 F.3d at 1343.  Furthermore, "[a] rejected claim does not merit rehearing on a different, but previously available, legal theory."  *Id*.

Because Grounds 1 through 5 of Morris's § 2255 motion were raised on direct appeal and decided adversely to him by the Eleventh Circuit, this court will not reconsider those claims here.  *Nyhuis*, 211 F.3d at 1343.

  2. *Substantive Claims Not Raised on Direct Appeal:  Grounds 6 and 7*

The court finds that Grounds 6 and 7 of the § 2255 motion present two substantive claims not raised by Morris on direct appeal: that the indictment was insufficient (Ground 6), and that prosecutorial misconduct caused Morris to lose the assistance of the attorney he paid to handle his sentencing and appeal (Ground 7).  *See* Doc. No. 1 at 8; Doc. No. 2 at 50-

9

66.

## Procedural Bar for Defaulted Claims

Ordinarily, if an available claim is not advanced on direct appeal, it is procedurally barred in a § 2255 proceeding. *See Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994); *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). "A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule. Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). "Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Lynn*, 365 F.3d at 1234-35 (quoting *Mills*, 36 F.3d at 1055).

## Cause for Procedural Default

In response to the Government's contention that all of Morris's substantive, non-ineffective assistance of counsel claims are procedurally barred, Morris asserts that Grounds 2, 5, and 6 in his § 2255 motion are subject to collateral review by this court because his appellate counsel's failure to raise these claims on direct appeal constitutes "cause" excusing his procedural default. Doc. No. 24 at 1, 6-8. As discussed above, however, Grounds 2 and 5 in the § 2255 motion were raised in substantially the same form in Morris's direct appeal,

where they were decided adversely to him by the appellate court. These two claims, then, are not subject to review under the principle that claims raised and decided on direct appeal cannot be relitigated in a collateral attack under § 2255. *Nyhuis*, 211 F.3d at 1343. As for Ground 6 in the § 2255 motion, which was not raised on direct appeal, ineffective assistance of counsel may satisfy the cause exception to a procedural bar if the claim of ineffective assistance is meritorious. *Greene*, 880 F.2d at 1305. Consequently, this court will address Morris's claim that the indictment was insufficient (Ground 6) in the context of his allegations of ineffective assistance of counsel, which are discussed later in this Recommendation.

Morris does not appear to assert cause for his procedural default of his claim that prosecutorial misconduct caused him to lose the assistance of the attorney he paid to handle his sentencing and appeal (Ground 7).[6] However, he suggests that his otherwise procedurally defaulted claims should be reviewed in this proceeding because he is "actually innocent" of

---

[6] Even if Morris were to extend his "cause" argument to assert that his appellate counsel's failure to raise the issue contained in Ground 7 of his § 2255 motion is cause excusing his procedural default of this claim, he would not be entitled to relief. Morris's contention that prosecutorial misconduct caused him to lose the assistance of the attorney he paid to handle his case at sentencing and on appeal is wholly unsupported by evidence. Indeed, it was Morris's own actions, in forwarding to the retained attorney a copy of his book that may have contained child pornography, that possibly put the attorney in violation of the law and raised other ethical concerns. *See* 489 F. App'x at 409. In light of Morris's actions, the attorney filed a motion to withdraw as counsel, which was granted by the district court. *Id*. Because Morris fails to demonstrate that prosecutorial misconduct caused him to lose the services of his retained attorney, he cannot show that his appellate counsel rendered ineffective assistance by failing to raise this issue on appeal. Therefore, even if this claim were subject to review, its complete lack of merit prevents Morris from obtaining collateral relief.

the offense of which he was convicted. Doc. No 24 at 10-12. Actual innocence, if proved may be a gateway through which otherwise defaulted claims obtain collateral review. *See McQuiggin v. Perkins*, ___ U.S. ___, ___, 133 S.Ct. 1924, 1298 (2013).

## Actual Innocence

In *Schlup v. Delo*, 513 U.S. 298 (1995), the United States Supreme Court held that prisoners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). A petitioner must show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998).

As the Supreme Court in *Schlup* observed:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

As noted above, Morris claims that he is actually innocent of the offense of which he was convicted. However, the arguments he presents to support this claim do not point to "new reliable evidence" of innocence, but instead concern the sufficiency and weight of the

evidence presented at trial. Such arguments do not go to Morris's factual innocence and do not satisfy the *Schlup* standard. *Schlup*, 513 U.S. at 324-28; *see also, e.g.*, *Rutledge v. Neilsen*, 2012 WL 3778987, at *7 (M.D. Ala. Jul. 30, 2012) (allegations of prosecution's failure to prove essential elements of offense go to sufficiency of and/or weight afforded the evidence presented and do not constitute "new reliable evidence" going to petitioner's actual innocence). Consequently, Morris's assertion of actual innocence does not provide a gateway for review of his procedurally barred claims.

### C. Claims of Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel must be evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted). "Given the strong presumption in favor of competence, the

petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id*.

As noted, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

A criminal defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Ineffective assistance of

appellate counsel may be shown if the movant can "establish . . . that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker . . . . Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994). The Supreme Court has held that a criminal defendant's appellate counsel is not required to raise all nonfrivolous issues on appeal. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). The Court noted, "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Id*. at 751-52. Therefore, it is difficult for a defendant to show his counsel was ineffective for failing to raise certain issues on appeal, particularly if counsel presented other strong issues. *Smith v. Robbins*, 528 U.S. 259, 287-88 (2000).

### 1.   *Failure to Challenge Sufficiency of Indictment*

As Ground 6 of his § 2255 motion, Morris contends that the indictment in his case was insufficient. Doc. No. 1 at 8; Doc. No. 2 at 50-52. He seeks collateral review of this otherwise procedurally defaulted claim by asserting, as cause for his default, that his appellate counsel was ineffective for failing to raise this claim on direct appeal. Doc. No. 24 at 1, 6-8.

> The single-count indictment charged that, on or about August 1, 1997, Morris:
>
> willfully and knowingly made a false statement in an application for a passport with intent to induce and secure for his own use the issuance of a passport

15

under the authority of the United States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, in that, in such application the defendant states that passport # 085194336 had been destroyed, which statement he knew to be false, in violation of Title 18, United States Code, Section 1542.

Ex. A.

This language substantially tracked the pertinent language in the statute under which Morris was charged, 18 U.S.C. § 1542. In its entirety, that statute provides:

> *Whoever willfully and knowingly makes any false statement in an application for passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws*; or
>
> Whoever willfully and knowingly uses or attempts to use, or furnishes to another for use any passport the issue of which was secured in any way by reason of any false statement–
>
> Shall be fined under this title, imprisoned not more than 25 years (if the offense was committed to facilitate an act of international terrorism (as defined in section 2331 of this title)), 20 years (if the offense was committed to facilitate a drug trafficking crime (as defined in section 929(a) of this title)), 10 years (in the case of the first or second such offense, if the offense was not committed to facilitate such an act of international terrorism or a drug trafficking crime), or 15 years (in the case of any other offense), or both.

18 U.S.C. § 1542 (emphasis added).

The indictment charged Morris with unlawful conduct of the sort proscribed in the (above-emphasized) language of the first paragraph of § 1542, substantially tracking that language. An indictment is constitutionally sufficient if it tracks the wording of the statute, as long as the language sets forth the essential elements of the crime. *United States v.*

16

*Critzer*, 951 F.2d 306, 307-08 (11th Cir. 1992). Without question, the indictment in Morris's case was constitutionally sufficient. It presented the essential elements of the charged offense and notified Morris of the charges to be defended against. *See United States v. Woodruff*, 296 F.3d 1041, 1046 (11th Cir. 2002); *United States v. Steele*, 178 F.3d 1230, 1233-34 (11th Cir. 1999). Therefore, Morris's appellate counsel was not ineffective for failing to raise a claim on appeal challenging the sufficiency of the indictment, and Morris is not entitled to any relief based on this claim. Counsel is not ineffective for failing to argue a meritless issue. *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992).

Morris seems to argue that the indictment was insufficient because, he thinks, § 1542 requires that a passport be fraudulently *used*, and "[a]t no time was there any allegation of fraudulent use of any passport." Doc. No. 2 at 51-52. This argument is specious. As noted above, Morris was charged with conduct of the sort proscribed in the first paragraph of § 1542, which makes it an offense to willfully and knowingly make a false statement in an application for passport "with intent to induce or secure the issuance of a passport." Under this part of the statute, there is no requirement that the passport the defendant attempted to have issued through his false statement was actually used. For a violation of this part of § 1542 to occur, "an individual must have specific intent to misstate information on a passport application: 'The crime is complete when one makes a statement one knows is untrue to procure a passport.'" *Liss v. United States*, 915 F.2d 287, 293 (7th Cir. 1990)

(quoting *United States v. O'Bryant*, 775 F.2d 1528, 1535 (11th Cir. 1985)). Thus, assuming Morris's "use" argument is the argument he maintains his appellate counsel should have asserted, the claim would have been meritless. As such, appellate counsel was not ineffective for failing to raise the claim, and Morris is not entitled to any relief based on the claim. *Chandler*, 240 F.3d at 917; *Winfield*, 960 F.2d at 974.

### 2. *Allowing Prosecutor to Present Improper Argument Regarding 22 C.F.R. § 51.2*

In Ground 8 of his § 2255 motion, Morris asserts that his trial counsel rendered ineffective assistance by allowing the prosecutor to argue to the jury that 22 C.F.R. § 51.2, a federal regulation regarding passports, proscribes possession of more than one valid "or potentially valid" passport at any one time. *See* Doc. No. 1 at 9; Doc. No. 2 at 66-67, 71-78. Morris claims that § 51.2 does not contain the "or potentially valid" language used by the prosecutor and that the prosecutor added this language to make it appear more likely to jurors that Morris's actions transgressed the regulation and that issuance of the news passport he sought by falsely stating that his July 1996 passport had been destroyed (when it was actually still in his possession and "potentially valid") was "contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws." *See* 18 U.S.C. § 1542.

Morris is wrong about the language of § 51.2. The regulation states in pertinent part that "[u]nless authorized by the [State] Department no person shall bear more than one valid *or potentially valid* U.S. passport at any one time." 22 C.F.R. § 51.2(b) (emphasis added). Thus, the prosecutor did not mischaracterize the language of the regulation in her argument

18

to the jury. Consequently, Morris's trial counsel was not deficient for failing to object to the prosecutor's argument on this ground, and Morris is not entitled to relief based on this claim.

### 3. *Failure to Object to Seizure of Passports Pursuant to Search Warrant*

In his reply to the Government's response to his § 2255 motion, Morris asserts that his counsel was deficient for failing to challenge the seizure of several passports – including the one he falsely reported as "destroyed" – in a June 2006 search of his safety deposit box pursuant to a search warrant.[7] *See* Doc. No. 24 at 4-5, 15-16. According to Morris, the search warrant for the safety deposit box was limited to evidence related to child pornography and the seized passports were outside the scope of the warrant. *Id*. However, the court's records reflect that the search warrant authorized search for, among other things:

> evidence relating to the foreign travel of Morris to sexually molest minors, including but not limited to, photographs and/or videotapes of other child victims . . . , handwritten notes/documents, books, official documents including U.S. and foreign issued passports, travel documents, and other indicia of the criminal activity.

Case No. 2:06mj61-VPM, Doc. Nos. 1 & 2. The seized passports were well within the scope of the search warrant because the warrant was not, as Morris asserts, limited to child pornography. Therefore, Morris's counsel was not deficient for failing to challenge the seizure of the passports pursuant to the warrant.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28

---

[7] Morris makes this same assertion about the scope of the search warrant serially throughout his § 2255 motion.


U.S.C. § 2255 motion filed by Morris be DENIED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **August 10, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 27th day of July, 2015.

                                                /s/ Wallace Capel, Jr.
                                                WALLACE CAPEL, JR.
                                                UNITED STATES MAGISTRATE JUDGE